IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2144-FL

| | | |
|---|---|---|
| NEAL BOWMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| WARDEN BRICK TRIPP, | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on respondents' motion to dismiss, or in the alternative, for summary judgment[1] (DE 8) to which petitioner responded. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondents' motion and dismisses this action without prejudice for failure to exhaust administrative remedies.

## BACKGROUND

On June 26, 2013, petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is entitled to the early release incentive pursuant to 18 U.S.C. § 3621(e) for successful completion of the Federal Bureau of Prison's ("BOP") Residential Drug Abuse Treatment Program. Respondent filed a motion for summary judgment arguing, inter alia, that the petition should be denied because petitioner failed to exhaust administrative remedies. The issues raised were fully briefed.

---

[1] Because respondent attached matters that are outside of the pleadings, his motion will be construed as a motion for summary judgment.

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. <u>Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. <u>Anderson</u>, 477 U.S. at 250.

B.     Analysis

Respondents contend that petitioner's § 2241 action should be dismissed because petitioner failed to exhaust his administrative remedies. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require federal prisoners challenging the execution of his/her sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See <u>United States v. Vance</u>, No. 13-7709, 2014 WL 1273449, at *1 (4th Cir. Mar. 31, 2014); <u>McClung v. Shearin</u>, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See <u>Jones v. Bock</u>, 549 U.S. 199, 204 (2007). Failure to exhaust may be excused only upon a showing of cause and prejudice. <u>McClung</u>, 90 F. App'x at 445.

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

In this case, the record reflects that petitioner has not filed any administrative remedy requests with regard to his early release eligibility pursuant to § 3621(e). (Coll Decl.[2] ¶ 5.) Petitioner, however, argues that he "has and is filing administrative remedies which has not been recorded, in which this petitioner will continue to file necessary documentation to these facts." (Pet'r's Resp. p. 2.) Although exhaustion may be excused when prison officials inappropriately prevent prisoners from availing themselves of administrative procedures, Hill v. Haynes, 380 F. App'x 268, 270 (4th Cir. 2010), petitioner has not presented any factual support for his suggestion that he was prevented from exhausting his administrative remedies. Cf. id. (finding genuine issues of material fact where plaintiff provided specific and detailed allegations regarding defendants' hindering his ability to exhaust). Nor has petitioner presented any evidence to support his contention that he is in the process of exhausting his administrative remedies. Based upon the foregoing, the court finds that petitioner did not utilize the BOP's administrative remedy process to resolve the instant issue. Nor has petitioner established cause or prejudice for his failure to exhaust. Thus,

---

[2] Cornelia J. Coll submitted an affidavit in support of respondent's motion for summary judgment. Coll is employed by the BOP as a paralegal specialist. (Coll Aff. ¶ 1.)

petitioner's § 2241 petition is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies. Petitioner is free to refile his petition after he has exhausted his administrative remedies for his claim.

## CONCLUSION

Respondents' motion for summary judgment (DE 8) is GRANTED, and the matter is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 6th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge